IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Betty P. Gregorie, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:04-22458-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Betty P. Gregorie ("Gregorie") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II of the Social Security Act. In his Report, Magistrate Judge McCrorey recommends affirming the Commissioner's decision to deny Gregorie's application for benefits. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 14-24), and summarized as follows. At the time of the hearing before the ALJ, Gregorie was a fifty-two-year-old woman with a high school education. (Pl.'s Br. Supp. J. 1; R. at 14.) Her past employment includes working as a care giver, cashier, machine operator/laborer, and housekeeper. (R. at 15.) She alleges disability due to depression, post-traumatic stress disorder ("PTSD"), a nervous breakdown, and fear of choking. (Id. at 15.)

On April 26, 2003, Gregorie filed an application for DIB and SSI. (Id. at 14.) The application was denied initially and on reconsideration. On July 13, 2004, after a hearing on May 20, 2004, the ALJ found that Gregorie was not entitled to either DIB or SSI benefits. (Id. at 25.) On August 20, 2004, the Appeals Council denied Gregorie's request for review. (Id. at 6.) Gregorie filed the instant action on October 5, 2004.

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In her brief in support of judgment, Gregorie contended that the ALJ erred in (1) failing to consider all of Gregorie's severe impairments; (2) making a determination concerning Gregorie's residual functional capacity ("RFC") that was arbitrary and not supported by substantial evidence; and (3) failing to give proper consideration to Gregorie's expert medical consultant. (Report and Recommendation 4; Pl.'s Br. Supp. J. 2.)

The Magistrate Judge concluded that the ALJ's decision to deny Gregorie DIB and SSI benefits was supported by substantial evidence. Specifically, after reviewing the evidence considered by the ALJ, the Magistrate Judge agreed with the ALJ in finding that Gregorie's only severe impairment was depression and determined that Gregorie "has not met the burden

of showing that she had a 'severe' impairment of PTSD." (Report and Recommendation 8.) Moreover, the Magistrate Judge noted that Gregorie's "mental impairments improved with medication and she only sporadically sought treatment for her impairments." (Id.) Finally, the Magistrate Judge acknowledged that Doctors Judith Von ("Dr. Von") and Jeffrey Vidic ("Dr. Vidic"), state agency psychologists, opined that Gregorie had no significant limitation in her ability to carry out short, simple instructions, make work-related decisions, and respond appropriately to supervisors and changes in a work setting. (Id.)

The Magistrate Judge explained that the ALJ's determination that Gregorie was not entirely credible was supported by the record, noting that Gregorie was able to do various household chores and other activities and that she had failed to take her prescribed medications as instructed or keep her medical appointments. (Id.) The Magistrate Judge also explained that Gregorie's credibility was further undermined by her failing to be consistent in reporting her cocaine use in 1998 to 2000 to her doctors.

Magistrate Judge McCrorey further concluded that the ALJ's determination that Gregorie had the residual functional capacity ("RFC") to perform medium work is supported by substantial evidence. Gregorie argued that the ALJ failed to consider the findings of the state agency physicians that Gregorie had a moderate limitation on her ability to function in a social setting or consider the effects of PTSD on her RFC. (Pl.'s Br. Supp. J. 4.) The Magistrate Judge noted that the ALJ had expressly considered the effects of Gregorie's depression and panic attacks on her ability to work. (Report and Recommendation 10.)

Finally, the Magistrate Judge concluded that the ALJ's decision to discount the opinion of Dr. Bonnie Cleaveland ("Dr. Cleaveland"), a psychologist who examined Gregorie once,

3

was proper. The Magistrate Judge noted that Dr. Cleaveland's opinion should not be discarded because it was sought in anticipation of litigating Gregorie's social security claim. (Id. 11 n. 3.) Rather, the Magistrate Judge agreed with the ALJ that Dr. Cleaveland's opinion was entitled to little weight simply because Gregorie saw Cleveland on only one occasion, and Dr. Cleaveland's opinion was undermined by the weight of the other medical evidence in the record. (Id. 11-12.)

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Gregorie filed objections to the Report and Recommendation on March 7, 2005. Gregorie's first objection is that "[t]he Report does not address Plaintiff's objection that the ALJ failed to evaluate all of her impairments. The ALJ did not follow SSR 96-3p when he failed to evaluate Plaintiff's posttraumatic stress disorder and gave no reason why he ignored this disorder." (Objections 1.) Gregorie asserts that the ALJ failed to evaluate Gregorie's anxiety disorders.

Gregorie's first objection is without merit. Gregorie did not specifically object to the Magistrate Judge's conclusion that Gregory failed to meet the burden of showing that she had a severe impairment other than depression. Because she did not object, Gregorie has waived her right to challenge the Magistrate Judge's determination that her only severe impairment was depression.

Nonetheless, as the ALJ noted in his opinion, "The Regulations require that if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. (20 CFR § 404.1523)." (R. at 19.) Because the ALJ found that Gregorie had the severe impairment of depression, the ALJ had to consider the effect of Gregorie's alleged PTSD and anxiety disorders on her ability to work, regardless

of whether her PTSD and anxiety disorders were additional severe impairments.[2]

Gregorie asserts that the ALJ failed to complete the required evaluation.  However, the Magistrate Judge explicitly noted that the ALJ evaluated both Gregorie's depression and her history of panic attacks on her ability to work.  (Report and Recommendation 10.)  In her objections, Gregorie has not argued that her alleged PTSD and anxiety disorders cause symptoms other than panic attacks.  Moreover, Gregorie failed to object to the Magistrate Judge's conclusions that (1) Gregorie has presented no evidence that there were any limitations on her physical ability to perform work; (2) Gregorie's treating physicians at Charleston County Mental Health ("CCMH") never placed any limitation on her ability to work; (3) Gregorie was able to do numerous activities including household chores, shopping, and driving; (4) Gregorie's allegations about the severity of her symptoms and the extent of her limitations were not entirely credible; and (5) Gregorie's symptoms had been alleviated by medication, but Gregorie had failed to consistently comply with her prescriptions or keep her medical appointments.  Hence, upon review, the court finds that Gregorie's alleged PTSD and anxiety disorders were not severe impairments; the ALJ properly reviewed the impact of Gregorie's impairments on her ability to work; and substantial evidence supports the ALJ's

---

[2]By expressly noting Gregorie's alleged impairments, including PTSD and anxiety disorders, and finding that her only severe impairment was depression, the ALJ obviously found that Gregorie's alleged PTSD and anxiety disorders were not severe.  Moreover, as set forth in the Report and Recommendation (without objection), Gregorie failed to establish any severe impairment other than depression.  Regardless, as discussed above, the ALJ considered the limiting effects of Gregorie's PTSD and anxiety disorders on her ability to work when he considered the impact of her panic attacks on her functional capacity.  As such, the ALJ satisfied the requirements of Social Security Ruling 96-3p.  See Soc. Sec. Rul. 96-3p (1996).

6

determination that all of her impairments do not prevent Gregorie from being able to do medium work.

Gregorie's second and final objection is that the "ALJ did not apply correct legal principles when he evaluated the weight to be given to the findings and opinions of the Plaintiff's consultant," Dr. Cleaveland. (Objections 1.) The ALJ found and the Magistrate Judge agreed that Dr. Cleaveland's opinion was entitled to minimal weight because Dr. Cleaveland examined Gregorie on only one occasion, and Dr. Cleaveland's opinion was inconsistent with medical evidence of record. The Magistrate Judge specifically noted that Dr. Cleaveland's opinion was inconsistent with Gregorie's treating physicians at CCMH's failure to place any limitations on Gregorie's ability to work and "was also inconsistent with the findings and opinions of Drs. [David] Funsch, Von, and Vidic." (Report and Recommendation 12.)

Gregorie failed to object to the Magistrate Judge's conclusion that Dr. Cleaveland's opinion was entitled to little weight. Instead, Gregorie objects objecting rather to the ALJ's notation that Dr. Cleaveland's opinion was obtained for an evaluation in anticipation of litigation. By noting the context in which Gregorie obtained Dr. Cleaveland's opinion, the ALJ merely underscored that Dr. Cleaveland was not Gregorie's treating physician. Regardless, the ALJ acknowledged that Dr. Cleaveland's opinion was "certainly legitimate and deserves due consideration." (R. at 19.) Becuase Dr. Cleaveland's opinion was entitled to little weight due to the brevity of her relationship with Gregorie and because Dr. Cleaveland's opinion was undermined by the other medical evidence of record, the court finds that Gregorie has failed to show that the ALJ erred in giving little weight to Dr. Cleaveland's

opinion or that the ALJ's noting that Dr. Cleaveland was not Gregorie's treating physician (and that Dr. Cleaveland's opinion was sought in anticipation of litigation) was prejudicial.

In conclusion, after a careful review of the record, the court finds that Gregorie's objections to the Report and Recommendation are without merit, and the court adopts Magistrate Judge McCrorey's Report and Recommendation.

It is therefore

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
March 20, 2006